UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HECTOR QUINTEROS-MEDRANO,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,

Respondent.

Case No. 1:26-cv-08548-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 2

Petitioner Hector Quinteros-Medrano filed a petition for writ of habeas corpus and motion for temporary restraining order alleging that his detention by ICE violates his Fifth Amendment right to due process. *See* ECF No. 1 at 6. For the reasons that follow, the Court GRANTS the petition, orders Petitioner's immediate release, and resolves the TRO as moot.

## I. BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States in 2016 after crossing the border near Hidalgo, Texas. ECF No. 8-1 at 2. He was briefly detained by U.S. Customs and Border Patrol, after which he was placed in standard removal proceedings. *Id.* The Notice to Appear initiating those proceedings charges Petitioner as "an alien present in the United States who has not been admitted or paroled[.]" *Id.* at 4. He was then released from custody to await the outcome of his removal proceedings. *Id.* at 2. Petitioner filed an application for asylum in 2017, which remains pending. *Id.* His removal proceedings were administratively closed by an immigration judge shortly after filing of the asylum application, but were reopened in June 2025. *Id.*

Petitioner was re-detained by ICE in June 2026 following an arrest for engaging in

United States District Court
Eastern District of California

prostitution. *Id*. That criminal matter remains pending. ECF No. 1 at 7. He was not provided with prior notice of the decision to revoke his release, or an opportunity to challenge the revocation. Additionally, there is no evidence that Petitioner was even served with a warrant prior to his arrest. Indeed, Petitioner has been detained for over two months without receiving a bond hearing.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose relief on Petitioner's due process claim, arguing that his detention is lawful under 8 U.S.C. § 1226(a), and that he should be required to exhaust his administrative remedies by requesting a bond hearing in immigration court before seeking relief through habeas. ECF No. 8 at 2–4. These arguments lack merit.

As for exhaustion, "[c]ourts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). However, "there are a number of exceptions to the general

rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Assuming that these factors favor exhaustion, waiver is appropriate. Petitioner has brought a constitutional challenge to his detention based on revocation of his release. "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up). Therefore, the Court may consider Petitioner's constitutional challenge to his re-detention.

Noncitizens previously released by immigration authorities obtain a liberty interest in their continued freedom. As Petitioner was previously released by immigration authorities in 2016 to await the outcomes of his removal proceedings, he retains a protected liberty interest to remain free from custody during the pendency of his removal proceedings. *Cajina v. Wofford*, No. 1:25-CV-1566 DAD AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (explaining that the court "need not determine whether § 1225 or § 1226 applies … because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1092–93 (E.D. Cal. 2025) (finding Petitioner had a protected liberty interest where petitioner had been previously released by immigration authorities, even though both parties agreed § 1225(b)(1)(B)(ii) controlled detention).

Applying the *Mathews v. Eldridge,* 424 U.S. 319 (1976) framework, Petitioner is entitled to a hearing at which the Government must justify the basis for revocation of his prior release. Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation without any hearing is considerable, and Respondents' interest in detaining Petitioner without any process is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

However, courts have found that "there may be situations that urgently require arrest, in

United States District Court
Eastern District of California

which a prompt post-deprivation hearing is appropriate." *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025). One such situation is where "providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight." *Id.* at *12. For example, where a non-citizen was arrested on criminal charges, and taken into ICE custody shortly thereafter.

Though Petitioner was taken into ICE custody following an arrest, pre-deprivation process was required. First, Respondents have not argued that pre-deprivation process would have been impractical or motivated flight. Second, Petitioner has now been detained for several months without being provided any kind of hearing. Indeed, there is no evidence in the record suggesting that any individualized custody determination was made. Under these circumstances, release rather than a post-deprivation hearing is proper.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECFNo. 1) is GRANTED. Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. The Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances in which the Government may re-arrest Petitioner if he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California